**J. P. BROWN DRUG STORE # 2**

v.

**UNITED STATES POSTAL SERVICE,
United States of America.**

No. 78–3022–NA–CV.

United States District Court,
M. D. Tennessee,
Nashville Division.

Dec. 7, 1978.

Harlan Dodson, III, Nashville, Tenn. for plaintiff.

Hal Hardin, U. S. Atty., Nashville, Tenn. for defendant.

## MEMORANDUM

MORTON, Chief Judge.

This case, filed pursuant to the Federal Tort Claims Act, was called for trial on December 5, 1978, at 9:00 A.M. The defendants made a motion to dismiss the complaint because of the failure of the plaintiff to comply with the rules of this court, in that the names of the witnesses had not been furnished to opposing counsel ten (10) days prior to trial and no pre–trial brief had been filed in which the plaintiff detailed his theories in the law in connection therewith. *See Local Rules* 10(a) and 10(b). Counsel for the plaintiff stated that because of the press of business he had failed to comply with Rule 10(a) by furnishing the names of his witnesses less than ten (10) days before trial. Insofar as his failure to comply with Rule 10(b) is concerned, counsel stated that he did not feel that the magnitude of the case justified the filing of a brief and citing authorities to aid the court or comply with the court rules. This statement by counsel apparently had reference to the fact that approximately $95.00 was involved in this case. It was the determination of this court that the plaintiff had deliberately failed to comply with the rules of this court. The failure in this case was particularly flagrant since the theory of damages asserted by the plaintiff was unclear. If the plaintiff had complied with the rule, the court and counsel would have had a clearer understanding of the plaintiff's theory. In view of the deliberate course of action of the plaintiff, this cause was dismissed with prejudice.